953 F.2d 1391
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael L. MORGAN, Plaintiff-Appellant,
v.
UNITED STATES Of America, Defendant-Appellee.
 No. 91-1326.
 United States Court of Appeals, Tenth Circuit.
 Jan. 30, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court granting summary judgment in favor of defendant United States in a plaintiff's suit to recover damages for an allegedly unauthorized disclosure of income tax return information and violation of 26 U.S.C. § 6103. The district court held that plaintiff Morgan had no standing to seek damages under 26 U.S.C. § 7431 and further, in the alternative, that the disclosure was authorized under § 6103(h)(4)(C). Plaintiff appeals on the grounds that the district court erred in both of these rulings. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Plaintiff Morgan is an officer of both the Colorado Reform Baptist Church (CRB) and Rockrimmon Baptist Church (RBC). These organizations are located at the same street address as plaintiff's personal address. Internal Revenue Service Agent Cunningham examined CRB and, in the course of that examination, sought financial information relating to organizations to which CRB claimed to have made charitable contributions. One of these charitable organizations was RBC. Cunningham requested financial information from the bank in Colorado Springs concerning the RBC; the bank responded with information about the source of deposit into RBC's account and the disposition of funds from that account, including two payments to plaintiff. Cunningham included all of this information in his examination report and concluded that CRB was formed to funnel members' contributions back to the members. We agree with the district court that the information described in the examination report was not "return information" within the meaning of § 6103 because the information was not collected with respect to plaintiff's personal return. We further agree with the district court that, in the alternative, even if the report disclosed "return information," any disclosure was authorized under § 6103(h)(4)(C). AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3